IN RE APPLICATION OF ROBERT B. MEIGS TO BE RE-ADMITTED TO EXAMINATION FOR LICENSE AS AN ATTORNEY.

Decided January 22, 1931.

Before Justices CASE, DALY and DONGES.

For the applicant, *James I. Bowers.*

PER CURIAM.

Applicant is an attorney of another state, recently admitted. He took the New Jersey examination for attorney under rule 5 (a) of this court and failed to pass. He sought to take a re-examination and was refused certification because he had not filed with the clerk proof that he had, under rule 6 (c), served a clerkship during the period intervening since his last prior examination. He now seeks a construction of the rules that will entitle him, in his present status as a practicing attorney of another state, to a re-examination. On his behalf it is contended that the requirement was not intended to apply to attorneys of another state; that the privilege of an original examination is accorded them without the necessity for a clerkship, and that it is hardly to be expected that those who have become practitioners elsewhere would give up that privilege and again seek employment as clerks; that *In re Natelson, 3 N. J. Mis. R.* 549, is in support of that argument; and finally that a clerkship, if it be deemed essential, ought not to be required to be served within the State of New Jersey, but should be such a clerkship as is met by continuing in the practice of law in another state or is consistent with such practice.

We are unable to agree with the arguments thus advanced. The Natelson decision relates only to such applicants as have a record of ten years or more of practice in another state. There can be no doubt that section 6 (c) relates to students within our own state who, after arduous preliminary requirements and three years of clerkship with a counselor-at-law of this state, or of combined clerkship and attendance at an approved law school, have taken, and failed in, the attorneys' examination. There is nothing in the language of the rule, and little in logic, to suggest that those who have been accorded admission to the bar of other states should not also come within its purview. The very fact of their admission elsewhere and their failure here suggests that their deficiency is in that very practice and procedure which would be the heart of a New Jersey clerkship.

On the showing of an admission elsewhere the courtesy of a first examination is accorded them. They are given the opportunity of proving that they not only have such general knowledge of law as is assumed by their admission elsewhere, but that they also are versed in the special application of legal principles within this jurisdiction and particularly that they are familiar with our judicial system and the practice thereunder. A breaking down under the test indicates the need of further study; and the rule provides how this shall be had.

The rule under discussion reads: "6 (c). When applicant for attorney has taken an examination and failed in same, he must, before he can take another examination, file with the clerk proof that he has served a full, fair and *bona fide* clerkship of six hours each day, Saturdays excepted, in the office of an attorney-at-law, who is also a counselor, during the time intervening since his last prior examination." There are four subdivisions to rule 6. Each of the other three relate without distinction to all applicants whether they be attorneys from other states or law students from this state. Subdivision "c" appears to us to have the same indivisible and general application. Only by the addition of words that

are not there can any particular class of applicants be taken from its purview.

We think, further, that the office in which the clerkship is to be served should be that of an attorney-at-law, who is also a counselor, of this state.

We thus construe the rule. No special reason is advanced for a relaxation thereof in the present case. The application, which is in effect for permission to take the examination, is denied.